Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, Petitioner,

v.

The NATIONAL CITY BANK OF NEW YORK, Respondent.

United States District Court
S. D. New York.

Oct. 5, 1956.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City, for petitioner.

Shearman & Sterling & Wright, New York City, for respondents.

EDELSTEIN, District Judge.

Petitioner moves for discovery and production under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., in an action under Section 17 of the Trading with the Enemy Act, 50 U.S.C.Appendix, § 1 et seq., 50 U.S.C.A.Appendix, § 1 et seq., for the enforcement of a vesting order and turnover directive. The facts appear in detail in an opinion by Judge Kaufman in 131 F.Supp. 60, wherein he considered cross-motions for summary judgment. Briefly, it appears that an enemy alien entity, Allgemeine Electriciatats Gesellschaft (hereafter "A.E. G.") had an account with the respondent. On March 1, 1951, petitioner granted respondent a license to apply the A.E.G. bank account funds held by it to the satisfaction of certain obligations of A.E.G. to respondent, for fees, services, expenses and interest. Respondent applied all the funds pursuant to the license, disbursing them in part to third persons. On April 9, 1953, petitioner revoked the license applicable to that part of the funds ($60,-403) covering charges accruing subsequent to the date of the freezing order, June 14, 1941, and issued a vesting order as to it.

■■ Discovery and production of documents is sought on the basis, nature, amount and validity of the charges made against the A.E.G. account, in order to determine whether there was an indebtedness to A.E.G. Respondent insists that there is no issue on these matters. Its position is that after the license was granted under which it debited the A.E. G. account, and that account having been "applied" to the obligations specifically set forth in its application for the license, there was no fund left, and the Office of Alien Property could not vest a *res* because there no longer was a *res*. Judge Kaufman, in his opinion, on the motions for summary judgment, accepted that position, declaring that there could be no debt to the enemy alien in 1953 unless a retroactive revocation were valid, which he declined to recognize.

But Judge Kaufman rested his decision on an assumption, which he made for the purpose of the motion only, that the respondent's use of the term "application" in reference to the debt meant a legally effective transfer of the A.E.G. credit balance, and he specifically stated that petitioner was not foreclosed from introducing evidence disclosing the actual underlying banking transactions involved in the "application" of the debt by respondent, if such evidence would tend to negate the assumption made. 131 F. Supp. 60, footnote 2 at page 63. The petitioner now seeks evidence on the very issue of the "application" as disclosed by the underlying banking transactions. For the issue is indeed the existence of a debt to A.E.G. in the sum vested, and the issue remains whether or not the retroactive revocation of the license is held to be valid. For the license did not serve to validate the "application" of funds. It is clear that a license granted by the Office of Alien Property merely removes the bars of freezing controls; it does not validate a transaction or transfer which would have been invalid without freezing controls. General Ruling No. 12, April 21, 1942, 7 F.R. 2991; Kuerschner & Rauchwarenfabrik v. New York Trust Co., D.C., 126 F.Supp. 684. Therefore, the matters involving charges and offsets are most certainly in issue, and discovery and production aimed at them are obviously proper.

■■ Petitioner further seeks documents on the ground that they may reasonably be believed to contain evidence or leads to the discovery of evidence on the question of whether respondent obtained the 1951 license from the Office of Alien Property as a result of fraudulent misrepresentations. Judge Kaufman denied petitioner's motion for summary judgment on the ground that the retroactive revocation of the license was ineffective, in the absence of fraud practiced in obtaining the license or if there was no failure to comply with the license provisions. But he also denied the respond-

ent's motion for summary judgment, giving as one ground the existence of a triable issue of fact on the question of fraud. Thus, although there is no averment of fraud in the petition (see Rule 9(b), Federal Rules of Civil Procedure), inasmuch as petitioner hardly finds it necessary to sue for a rescission of the license, nevertheless the issue has been raised and reserved for trial. Respondent goes to great length to demonstrate the impossibility of an issue of fraud, and it is perhaps likely that the point can be established at trial. But it may not be decided on a motion for discovery and production. And if the issue of fraud is to be tried, certainly the petitioner is entitled to appropriate discovery and production.

Accordingly, the motion will be granted.